# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

| | |
|---|---|
| ALISHA SPENCER, | |
| Plaintiff, | Civil Action File No. |
| v. | |
| SOUTHEASTERN REGIONAL MEDICAL CENTER LLC, D/B/A CANCER TREATMENT CENTERS OF AMERICA, ATLANTA, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## **COMPLAINT**

Alisha Spencer ("Plaintiff" or "Spencer") respectfully submits this Complaint against her former employer, Southeastern Regional Medical Center LLC, doing business as Cancer Treatment Centers of America ("Defendant" or "CTCA") as follows:

### **Nature of Case and Jurisdictional Issues**

1.

In this action, Spencer alleges that CTCA fired her for her exercise of approved intermittent Family Medical Leave Act ("FMLA") leave, in violation of

29 U.S.C. § 2615(a)(1) and (2). In support of this alleged violation, Spencer shows the following:

2.

CTCA is a Georgia domestic limited liability corporation operating cancer treatment hospitals. It's local Comprehensive Care and Treatment Center is located at 600 Celebrate Life Parkway in Newnan, Georgia.

3.

CTCA can be served with process through its registered agent, Cogency Global, Inc., located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

4.

CTCA is an employer within the meaning of 29 U.S.C. § 2611(4) and employed fifty (50) or more employees.

5.

This court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 2617(2) (statutory right of action).

6.

Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the acts,

events, and occurrences giving rise to Plaintiff's claim took place in Newnan, Georgia, which is within this judicial district and division.

## **Factual Allegations**

7.

CTCA hired Spencer on September 17, 2018 as a Registered Nurse.

8.

Spencer suffers from a serious health condition of bipolar disorder.

9.

Bipolar disorder is a serious mental health condition that causes extreme mood swings, from emotional highs and lows or depression. These mood swings are referred to as "episodes."

10.

When experiencing an episode Spencer became mentally and physically incapacitated and was unable to work or perform other major life activities.

11.

Episodes can be triggered by stressful situations, including work.

12.

Spencer had no control over when or where she might experience an episode

of extreme emotional high or low.

13.

Spencer received treatment for her health condition prior to and during her employment with CTCA.

14.

Generally, Spencer's health condition was well-controlled through therapy and medication.

15.

In or about May or June of 2022, Spencer's treating medical provider updated her medication and Spencer began to temporarily experience more erratic mood swings and episodes.

16.

As a result, and with the assistance of her healthcare provider, Spencer applied for FMLA leave.

17.

CTCA outsourced the administration of its FMLA leave program to Unum Group.

18.

Unum Group reviewed Spencer's FMLA application and approved her for

intermittent FMLA medical leave beginning on June 26, 2022 and continuing until December 14, 2022.

19.

Spencer's approved intermittent leave allowed her to take leave "one time[] per month for treatment/medical visits," and "six times per month lasting 6 days for care/recovery during episodes of incapacity."

20.

As of June 29, 2022, Spencer had used 4 weeks, 32 hours and 34 minutes of FMLA leave.

21.

As of June 29, 2022, Spencer had available 7 weeks, 3 hours, and 26 minutes of FMLA leave.

22.

In early July 2022, Spencer experienced an episode related to her serious health condition that qualified her for intermittent leave under the terms of her approved FMLA plan.

23.

Spencer requested and was approved for intermittent leave for July 5 and 6, 2022.

24.

Because of her part-time schedule, Spencer was not scheduled to work July 7 – July 15, 2022.

25.

When Spencer returned to work her next scheduled shift on July 16, 2022, CTCA fired her for "Violation of Rules."

26.

CTCA alleged, without evidence, that Spencer "abused" her FMLA leave.

27.

CTCA assumed, without information or inquiry, that Spencer did not suffer an episode related to her serious health condition on July 5 and 6, but instead "abused" her approved FMLA leave time.

28.

CTCA concluded that Spencer was not suffering from a serious health condition on July 5 or 6, 2022.

29.

Spencer did not abuse her FMLA leave, but instead took intermittent leave for July 5 and 6 as needed for her serious health condition in compliance with FMLA.

## FMLA Interference / Discrimination

30.

The FMLA entitles eligible employees up to twelve weeks of medical leave for a serious health condition that makes the employee unable to perform the essential functions of her job.

31.

CTCA is an employer as defined by the FMLA, 29 U.S.C. § 2611(4).

32.

Spencer was an eligible employee under the FMLA because she suffered from a serious health condition, and she worked at least 1,250 hours during the 12 months prior to her application for FMLA leave.

33.

Spencer applied for and was approved for intermittent leave under the FMLA, beginning on June 26, 2022 and continuing until December 14, 2022.

34.

Based on the above facts, CTCA interfered with Spencer's leave rights or discriminated against her for exercising her rights, in violation of the FMLA.

35.

CTCA's claim that Spencer abused her FMLA leave is false and constitutes

pretext to discriminate against her or to interfere with her exercise of rights under the FMLA.

36.

CTCA's unlawful conduct caused Spencer to suffer lost wages and benefits.

**Prayer for Relief**

WHEREFORE, Plaintiff prays that upon consideration of Plaintiff's claim, the Court find that CTCA violated the FMLA and award the following relief:

a) Back pay and other lost benefits in amounts proven at trial;

b) Liquidated damages under the FMLA in an amount equal to her back pay and benefits;

c) Pre- judgment interest;

d) A reasonable attorney's fee, reasonable expert witness fees, and other costs of the action; and

e) Grant such additional relief as justice may require.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury for all issues so triable.

-8-

Respectfully submitted,

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, Suite 2600
Atlanta, GA 30309
Tel:  404-873-8000

Andrew Y. Coffman
Georgia Bar No. 173115
acoffman@pcwlawfirm.com